UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RAFAEL A. JONES,                        )
                                        )
                Petitioner,             )
                                        )
        v.                              )       No. 4:09-CV-475-RWS
                                        )
STATE OF MISSOURI,                      )
                                        )
                Respondent.             )


**MEMORANDUM AND ORDER**

        This matter is before the Court upon petitioner Rafael A.
Jones' application for leave to commence this action without
payment of the required filing fee.  Upon consideration of the
financial information provided with the application, the Court
finds that petitioner is financially unable to pay any portion of
the filing fee.

        Petitioner seeks a writ of habeas corpus pursuant to 28
U.S.C. § 2254.  Having reviewed the petition, the Court will order
petitioner to show cause as to why the Court should not dismiss the
instant action for failure to exhaust available state remedies.

**The petition**

        Petitioner, an inmate at the St. Louis City Justice
Center, seeks release from confinement pursuant to 28 U.S.C. §
2254.  Petitioner states that he is challenging the August 1, 2008
conviction and sentence imposed by the St. Louis County Circuit
Court, following his plea of guilty to "2 counts of nonsupport."
Petitioner did not appeal from the judgment of conviction.  In the
instant action, petitioner asserts that the criminal charges were

based on fraudulent indictments.

Upon review of the instant petition, the Court finds no indication that petitioner has exhausted his available state remedies. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973)(in the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for prisoners in its custody. See Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01. As such, it appears that petitioner has available procedures that he must exhaust.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for failure to exhaust available state remedies. Petitioner's failure to file a

show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this 3rd day of April, 2009.


_____
UNITED STATES DISTRICT JUDGE